THE STATE OF OHIO, APPELLEE, *v.* ARNOLD, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* DICKEY, APPELLANT.

[Cite as *State v. Arnold* (1991), 61 Ohio St.3d 175.]

(Nos. 90–296 and 90–306—Submitted June 4, 1991—Decided July 24, 1991.)

176

*State v. Arnold*

*No. 90–296*

*State v. Dickey*

*No. 90–306*

*Anthony G. Pizza,* prosecuting attorney, and *Lawrence J. Kiroff,* for appellee state of Ohio in case No. 90–296.

*Lynn C. Slaby,* prosecuting attorney, *Philip D. Bogdanoff* and *Maureen C. Hardy,* for appellee state of Ohio in case No. 90–306.

*Gordon A. Senerius,* for appellant Arnold in case No. 90–296.

*Cook, Davis & Briggs Co., L.P.A., Lawrence J. Cook* and *Marcus M. Lombardi,* for appellant Dickey in case No. 90–306.

---

HERBERT R. BROWN, J.  For the reasons which follow, we hold that the provisions of R.C. 2925.03(C), which require a sentence of actual incarceration for trafficking in drugs, do not supersede the felony sentencing provisions of R.C. 2929.11.  We affirm the judgments of the courts below.

R.C. 2929.11(B), a part of the general felony sentencing statute, lists the penalties to be imposed for each class of felony, "[e]xcept as provided in * * * Chapter 2925. of the Revised Code * * *."  R.C. 2925.03, the part of R.C. Chapter 2925 at issue here, stated, at the time relevant herein, in pertinent part:

"(C) If the drug involved is any compound * * * included in schedule I with the exception of marihuana or in schedule II,[2] whoever violates this section is guilty of aggravated trafficking.

"(1) Where the offender has violated division (A)(1) of this section, aggravated trafficking is a felony of the third degree, and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the second degree.

"* * *

"(5) Where the offender has violated division (A)(5) or (A)(6) of this section, aggravated trafficking is a felony of the second degree and the court shall impose a sentence of actual incarceration of three years and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of five years.

"(6) Where the offender has violated division (A)(7) of this section, aggravated trafficking is a felony of the first degree and the court shall impose a sentence of actual incarceration of five years and if the offender has previous-

---

2. Controlled substances are assigned to "schedules" based on their potential for abuse and their medical utility.  See *In re Williams* (1991), 60 Ohio St.3d 85, 573 N.E.2d 638, fn. 1.

ly been convicted of a felony drug abuse offense, the court shall impose a sentence of actual incarceration of seven years. * * * "

Citing *State v. Russo* (Feb. 25, 1988), Cuyahoga App. No. 53571, unreported, 1988 WL 22800, appellants argue that R.C. 2925.03 overrides R.C. 2929.11, by virtue of the express language of R.C. 2929.11(B). Further, appellants assert the principle of statutory construction found in R.C. 1.51, that special provisions prevail over conflicting general provisions. To the extent that R.C. 2925.03(C) provides for a specific term of actual incarceration for a violation of R.C. 2925.03(A),[3] appellants contend that this is the only penalty which may be imposed.

We disagree. While we are required to strictly construe statutes defining criminal penalties against the state, see R.C. 2901.04(A), this "rule of lenity" applies only where there is ambiguity in or conflict between the statutes. Here, the language of the two statutes indicates not that they conflict, but that the legislature intended both to apply.

R.C. 2925.03(C)(5) provides that a first offense of aggravated trafficking in violation of subdivisions (A)(5) and (6) is both a second-degree felony *and* punishable by three years of actual incarceration. The phrase "felony of the second degree" has only one purpose in R.C. Title 29: to indicate which provision of R.C. 2929.11(B) sets forth the punishment for that particular crime. If, as the appellants contend, R.C. 2929.11 were inapplicable to violations of R.C. 2925.03(A), there would be no need to include this language. It is a cardinal rule of statutory construction that " ' * * '* [a statute] shall be * * * expounded, if practicable, as to give some effect to every part of it.' " (Emphasis deleted.) *Turley v. Turley* (1860), 11 Ohio St. 173, 179; see, also, R.C. 1.49(B). Appellants' interpretation would render much of R.C. 2925.03(C) meaningless.

The exception in R.C. 2929.11(B) for crimes falling under R.C. Chapter 2925 does not vitiate this analysis. Rather, this language indicates to the sentencing court that, as we noted in *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200–201, it must employ both R.C. 2929.11(B) *and* the applicable section of Chapter 2925 when determining the penalty for an R.C. Chapter 2925 crime.

Moreover, if we were to accept appellants' construction of the statutes, the result would be that *"aggravated* drug trafficking" would carry a lesser

---

**3.** On each of the four counts of violating R.C. 2925.03(A)(1), the trial court sentenced Dickey to an indefinite term of imprisonment of five to fifteen years, with no term of actual incarceration. This is in accord with R.C. 2925.03(C)(1) and 2929.11(B)(2), and would be valid even if we were to accept appellants' arguments.

penalty than "drug trafficking." Nothing in the statute indicates to us that the General Assembly intended such an absurd result.

Accordingly, we hold that where a defendant has been convicted of trafficking in drugs in violation of R.C. 2925.03(A), the indefinite term of imprisonment prescribed by R.C. 2929.11(B) is imposed in addition to a period of actual incarceration as prescribed by R.C. 2925.03(C).

*Judgments affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

SWEENEY, J., dissents.