OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Fittro, Appellee.
[Cite as State v. Fittro (1993),    Ohio St.3d    .]
Criminal law -- When prior conviction affects only penalty and not degree of offense, prior conviction is not element of offense.
(No. 91-1504 -- Submitted January 5, 1993 -- Decided February 24, 1993.)
Certified by the Court of Appeals for Cuyahoga County, No. 58227.

Stephanie Tubbs Jones, Prosecuting Attorney, Mary A. Haas-McGraw and Robert G. Trusiak, Assistant Prosecuting Attorneys, for appellant.
David L. Doughten Co., L.P.A., and David L. Doughten, for appellee.

This cause is reversed on authority of State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199.
Moyer, C.J., A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.
Wright and Pfeifer, JJ., dissent.

Wright, J., dissenting. One would not know from the summary disposition of this case what issue was certified to this court by the court of appeals. The issue is one of statutory interpretation: whether a defendant accused of aggravated drug trafficking under R.C. 2925.03 with an alleged prior-conviction specification of aggravated drug trafficking has the right to a bifurcated hearing pursuant to R.C. 2941.142. R.C. 2941.142 provides that, at the request of the defendant, proof of his or her prior conviction is to be decided by the trial judge as part of sentencing rather than presented to the jury during the state's case-in-chief. In this case the Court of Appeals for Cuyahoga County found that a defendant has the right to request such a bifurcated hearing.

In reversing, the majority deems it sufficient merely to cite State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, and summarily dispose of the case. However, there

is no reference whatsoever in Allen to R.C. 2941.142. Thus, the majority's entry bears no relation to the issue of statutory interpretation which was presented to this court.

One statement made in Allen, however, does have great relevance to this case. Writing for the court, Justice Douglas observed that "the existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand." (Emphasis added.) Allen, supra, at 55, 29 OBR at 438, 506 N.E.2d at 201. When all is said and done this concern, as expressed in Allen, is what this case is about.

After reviewing R.C. 2941.142 and considering the underlying purpose of a bifurcated hearing, I would affirm the judgment of the court of appeals.

I

Appellee, Kenneth Fittro, was indicted on two counts of violating R.C. 2925.03(A)(4) (possession of cocaine and marijuana in amounts greater than bulk but less than three times bulk) and one count of violating R.C. 2923.24 (possession of criminal tools). The indictment included a prior-conviction specification on the cocaine and marijuana charges. Pursuant to R.C. 2925.03(C)(4) and (E)(2) this specification increased the cocaine charge from a third-degree felony to a second-degree felony and the marijuana charge from a fourth-degree felony to a third-degree felony -- thus considerably enhancing the mandated penalty if Fittro were to be convicted.

The record shows, and I would emphasize, that the evidence against Fittro was purely circumstantial. A police informant purchased marijuana in an apartment where Fittro once lived, but there was no claim that Fittro was present at the time of the purchase. Nor was Fittro present when the police later searched that apartment and found the drugs which became the basis of the charges against him. Witnesses testified that Fittro no longer lived in the apartment. The record, however, did contain evidence connecting Fittro to the apartment, including various personal papers and testimony concerning a lease agreement.

Pursuant to R.C. 2941.142, Fittro requested a bifurcated hearing on the prior-conviction specification. The trial court denied his request and the state was allowed to present evidence of Fittro's prior conviction to the jury. Suffice it to say, the jury convicted Fittro on both the specification and the drug trafficking charges.

The court of appeals reversed. It ruled that R.C. 2941.142 applies to aggravated-trafficking prosecutions which include prior-conviction specifications. The court correctly remanded the cause for a new trial with a bifurcated hearing on the prior-conviction issue.

Therefore, the question presented by this case, which the majority fails to answer, is whether defendants charged with aggravated drug trafficking with prior-conviction specifications fall within the purview of R.C. 2941.142. I would readily concede that this is a close case and persuasive

arguments are present on both sides of the issue.  In my view, that is all the more reason for us to face the issue squarely.

## II

R.C. 2941.142 provides that imposition of terms of actual incarceration under R.C. 2929.11(B)(1)(b), 2(b), or 3(b), which are imposed because of the defendant's prior conviction of an aggravated felony, are precluded unless the indictment contains the prior-conviction specification.  The General Assembly also has given the defendant the right to "request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing."[1]

The state argues that R.C. 2941.142 does not apply here because its language limits its application to sentences imposed under R.C. 2929.11.  This argument ignores our ruling in State v. Arnold (1991), 61 Ohio St. 3d 175, 573 N.E.2d 1079, in which we stated that the sentencing court "must employ both R.C. 2929.11(B) and the applicable section of Chapter 2925 when determining the penalty for an R.C. Chapter 2925 crime." (Emphasis sic.)  Id. at 178, 573 N.E.2d at 1082.  Thus, sentences for aggravated drug trafficking felonies are jointly imposed under R.C. 2929.11 and 2925.03.  R.C. 2925.03 sets the required term of actual incarceration and the degree of the offense.  R.C. 2929.11 contains the minimum and maximum terms of the indefinite sentence which may be imposed.  Therefore, any sentence for an R.C. 2925.03 violation is a combination of the terms of incarceration contained in 2925.03 and 2929.11.

The state also argues that the court of appeals has confused the "aggravated trafficking" offenses in R.C. 2925.03 with the "aggravated" felonies referred to in R.C. 2941.142.  It is true that the aggravated felonies referred to in R.C. 2929.11(B)(1)(b), 2(b), and 3(b) are felonies different from the aggravated drug trafficking felonies contained in R.C. 2925.03.  However, for purposes of the application of R.C. 2941.142 they are equivalent.  R.C. 2941.142 is clearly intended to provide defendants who are charged with prior-conviction specifications and who, if convicted, will suffer actual incarceration as a result of the prior conviction, a bifurcated hearing on the issue of the prior conviction.  Defendants convicted of aggravated drug trafficking and a prior-conviction specification will receive sentences of actual incarceration because of the prior conviction.  As previously discussed, under our holding in Arnold, supra, sentences for convictions of aggravated drug trafficking felonies are imposed jointly under R.C. 2925.03 and 2929.11.  Therefore, I agree with the court of appeals that R.C. 2941.142 should be read expansively to give defendants accused of aggravated drug trafficking under R.C. 2925.03 with an alleged prior-conviction specification of aggravated drug trafficking the right to a bifurcated hearing under R.C. 2941.142.

The state's primary argument for denying Fittro the right to a bifurcated hearing is that because the prior-conviction specifications in the drug trafficking statutes affect both the degree of the offense and the penalty, the prior conviction is an element of the offense to be proven by the prosecution in its case-in-chief.  The state cites State v. Gordon (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243; State v.

Henderson (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494; and State v. Allen, supra, in support of its position.

None of these cases is dispositive of the question before this court. In State v. Gordon we held that "[i]n order for the 'second offense' penalty of [former] R.C. 4549.99 to be imposed for violation of R.C. 4549.04(B) (operating a motor vehicle without the owner's consent) it is necessary that the indictment charge a prior offense as an element of the crime and that such a prior offense be proved as a matter of fact." Id., paragraph one of the syllabus.

The Henderson court followed Gordon in holding that "a prior conviction for purposes of R.C. 2913.02(B) is an element of the offense of grand theft and must be demonstrated beyond a reasonable doubt." Henderson, supra, at 173, 12 O.O.3d at 178, 389 N.E.2d at 495. In both Gordon and Henderson the prior conviction elevated the pending charge from a first-degree misdemeanor to a fourth degree felony. Neither Gordon nor Henderson, however, is dispositive of the issue before this court today because both cases were decided prior to the enactment of R.C. 2941.142.

As for Allen, although it was decided after the enactment of R.C. 2941.142, it did not involve a defendant's request for bifurcation under that statute. Nor could the defendant in Allen have requested bifurcation because both the offense and the prior conviction concerned operating a motor vehicle under the influence, a crime not even arguably covered by R.C. 2941.142.

In Allen, supra, we held that "[w]here the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." Id., syllabus. It appears that the majority's reliance on Allen derives from this language which the Allen court used to distinguish its case from Gordon and Henderson. However, this court should not rotely assume that an increase in the degree of an offense substantively changes the elements of the crime. In reality this is a distinction without a difference because the actual result of enhancing the degree of the offense is to enhance the penalty by increasing the minimum and maximum sentence which may be imposed. The court of appeals correctly observed that the final outcome of the increase in the degree of the offense was to increase the penalty only, not to substantively change the elements of the offense. Indeed, in Arnold, supra, we stated that "[t]he phrase 'felony of the second degree' has only one purpose in R.C. Title 29: to indicate which provision of R.C. 2929.11(B) sets forth the punishment for that particular crime." (Emphasis added.) Id., 61 Ohio St.3d at 178, 573 N.E.2d at 1082.

Even if the majority wishes to cling to the meaningless distinction between offenses in which the prior conviction enhances the degree of the offense and offenses in which the prior conviction enhances the penalty, it would certainly agree that the legislature can give the defendant the right to choose whether that element is proven to a jury or a judge. That is precisely what the legislature has done in R.C. 2941.142. Further, the bifurcated hearing provided in R.C. 2941.142 meets

the concerns expressed by this court in Gordon, supra: (1) the prior conviction is specified in the indictment and (2) the state is required to prove the conviction. The legislature has merely given the defendant the option to have the prior-conviction element proven to the judge instead of to the jury.

The legislature, by providing the option of a bifurcated hearing, has balanced the due process rights of the defendant with the legitimate state interest in having repeat offenders punished more severely than first-time offenders. The prejudicial effect of the jury being told of a prior conviction is extreme. Such evidence makes it more likely that the defendant will be convicted because of a prior offense, than be convicted by proof, beyond a reasonable doubt, that he committed the offense with which he is presently charged.

This case is just the sort the General Assembly must have contemplated. Fittro was convicted on evidence which might not have been convincing beyond a reasonable doubt absent the evidence of the prior drug conviction. The circumstantial evidence on which the state's case was based was given undeserved strength by evidence of the prior conviction.

I must respectfully, but firmly, dissent. I hope that the General Assembly will consider and remedy the errors implicit in the majority's disposition of this case.

Pfeifer, J., concurs in the foregoing dissenting opinion.

FOOTNOTE:

1 R.C. 2941.142 provides in relevant part:

"Imposition of a term of actual incarceration upon an offender pursuant to division (B)(1)(b), (2)(b), or (3)(b) of section 2929.11 of the Revised Code because the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, *** is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender has previously been convicted of or pleaded guilty to such an offense. Such a specification shall be stated at the end of the body of the indictment, count, or information ***:

"***

"*** If an indictment, count in an indictment, or information that charges a defendant with an aggravated felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing."