[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 524.]

THE STATE OF OHIO, APPELLANT, *v.* PATTERSON, APPELLEE.

[Cite as *State v. Patterson*, 1998-Ohio-611.]

*Criminal law—Sentencing—Sentence of actual incarceration mandated by former R.C. 2925.03 may run consecutively to or concurrently with a definite term of incarceration pursuant to former R.C. 2929.11—Combined sentences may not exceed maximum term of incarceration provided by former R.C. 2929.11.*

A sentence of actual incarceration mandated by former R.C. 2925.03 may run consecutively to or concurrently with a definite term of incarceration pursuant to former R.C. 2929.11. However, the combined sentences may not exceed the maximum term of incarceration provided by former R.C. 2929.11.

(No. 97-64—Submitted January 14, 1998—Decided April 29, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 69551, 69552 and 69553.

––––––––––––

{¶ 1} Defendant-appellee Tramel Patterson was charged in three indictments by a Cuyahoga County Grand Jury. Appellee pled guilty to one count of drug trafficking in violation of former R.C. 2925.03(A)(4) in each of his three cases.[i] In exchange for his guilty pleas, each of the other counts in appellee's three indictments was dismissed. The trial court sentenced appellee to a one-year term

---

1. All statutory references in this opinion refer to former R.C. 2929.11, Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1383, and former R.C. 2925.03, Sub.H.B. No. 391, 145 Ohio Laws, Part III, 5768, 5771, which apply to crimes committed before July 1, 1996. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, Section 5, 7810. Provisions analogous to former R.C. 2929.11 are now codified at R.C. 2929.13. R.C. 2925.03 was substantially revised by Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7377.

of incarceration pursuant to former R.C. 2929.11, the general felony sentencing statute. R.C. 2929.11(D)(1) provides for a definite term of one, one and one-half, or two years for the commission of a third degree felony.

{¶ 2} In addition to the one-year definite sentence, the trial court sentenced appellee to a consecutive term of eighteen months of actual incarceration on each count, pursuant to R.C. 2925.03. R.C. 2925.03(C)(4) imposes a term of eighteen months of actual incarceration for aggravated drug trafficking in violation of R.C. 2925.03(A)(4). Two of the sentences were to run consecutively, and the third sentence was to run concurrently with the first two.

{¶ 3} On appeal, appellee argued that imposing an eighteen-month term of actual incarceration as required by R.C. 2925.03(C)(4) consecutively to a one-year definite term of incarceration pursuant to R.C. 2929.11(D)(1) was impermissible because such a sentence exceeds the two-year maximum sentence allowed by R.C. 2929.11(D)(1) for sentencing of a third degree felony. The court of appeals agreed, vacated appellee's sentences, and remanded the matter to the trial court for resentencing.

{¶ 4} The cause is now before this court upon the allowance of a discretionary appeal.

————————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Mark Mahoney*, Assistant Prosecuting Attorney, for appellant.

*James A. Draper*, Cuyahoga County Public Defender, and *Donald Green*, Assistant Public Defender, for appellee.

————————————

MOYER, **C.J.**

{¶ 5} This case involves the interplay between former R.C. 2925.03 and former R.C. 2929.11. Appellant argues that a term of actual incarceration pursuant to R.C. 2925.03(C)(4) may be ordered to run consecutively to a definite term of

incarceration imposed under R.C. 2929.11(D)(1) even when such a sentence exceeds the maximum penalty set forth in R.C. 2929.11(D)(1). For the reasons that follow, we disagree.

{¶ 6} A term of actual incarceration mandated by R.C. 2925.03 may run consecutively to or concurrently with a definite term of incarceration pursuant to R.C. 2929.11. However, the combined sentences may not exceed the maximum term of incarceration allowed by R.C. 2929.11. Accordingly, we affirm the decision of the court of appeals.

{¶ 7} Appellee pled guilty to drug trafficking, specifically to knowingly possessing cocaine in an amount exceeding the bulk amount but less than three times the bulk amount, in violation of R.C. 2925.03(A)(4). Pursuant to R.C. 2925.03(C)(4), such a violation is a felony of the third degree, and "the court shall impose a sentence of actual incarceration of eighteen months."

{¶ 8} R.C. 2929.11, the general felony sentencing statute, lists the penalties to be imposed for each class of felony. Under R.C. 2929.11(D)(1), the term of imprisonment for a felony of the third degree shall be a definite term of one, one and one-half, or two years.

{¶ 9} When construing a general provision together with a special or local provision, R.C. 1.51 directs us to interpret them so that, if possible, effect is given to both. This court has consistently held that "all statutes which relate to the same general subject matter must be read *in pari materia*. * * * And, in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give proper force and effect to each and all such statutes." (Citations omitted.) *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018, 1025, citing *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E. 725; see, also, *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, 1131. Furthermore, "[t]his court in the interpretation of related and co-existing statutes must harmonize

and give full application to all such statutes unless they are irreconcilable and in hopeless conflict." *Johnson's*, *supra*, 58 Ohio St.3d at 35, 567 N.E.2d at 1025, citing *Couts v. Rose* (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139.

{¶ 10} We held in *State v. Arnold* (1991), 61 Ohio St.3d 175, 573 N.E.2d 1079, that R.C. 2925.03 and R.C. 2929.11 do not conflict. Therefore, a sentencing judge is required to construe the statutes together and give proper force and effect to both when imposing a sentence.

{¶ 11} Pursuant to R.C. 2929.11(D)(1), a term of one year, eighteen months, or two years may be imposed for a felony of the third degree. There is no requirement in R.C. 2929.11 that this sentence include actual incarceration. However, this provision must be read in conjunction with R.C. 2925.03(C)(4), which imposes actual incarceration of eighteen months for the crime of aggravated drug trafficking in violation of R.C. 2925.03(A)(4). Harmonizing the two statutes effectively eliminates the option of imposing the minimum one-year sentence for a defendant convicted of a third degree felony of aggravated drug trafficking under R.C. 2925.03(A)(4). However, a judge maintains the option of sentencing a defendant to a maximum term of two years for the commission of a third degree felony. Therefore, reading the two sentencing statutes *in pari materia,* a person convicted of the third degree felony of aggravated drug trafficking in violation of R.C. 2925.03(A)(4) shall receive a mandatory term of eighteen months of actual incarceration and may receive an additional six months (not necessarily of actual incarceration) without violating the maximum sentencing provisions of R.C. 2929.11(D)(1).

{¶ 12} As appellee was sentenced to a definite term of one year for the underlying offense in each count, plus an additional eighteen months of actual incarceration to be served consecutively, his sentence exceeded the maximum term allowed by law, and the court of appeals correctly vacated his sentence.

**{¶ 13}** Appellant contends that our holding in *Arnold* stands for the proposition that the underlying felony sentences contained in R.C. 2925.03 and the sentences imposed by R.C. 2929.11 are separate and distinct penalties, both of which must be taken into account by a sentencing court. The defendant-appellant in *Arnold* argued that the actual term of incarceration for aggravated drug trafficking required by R.C. 2925.03 was the *only* penalty that could be imposed and superseded any sentence that could be imposed pursuant to R.C. 2929.11. We held that "where a defendant has been convicted of trafficking in drugs in violation of R.C. 2925.03(A), the indefinite term of imprisonment prescribed by R.C. 2929.11(B) is imposed in addition to a period of actual incarceration as prescribed by R.C. 2925.03(C)." *Arnold, supra,* 61 Ohio St.3d at 179, 573 N.E.2d at 1082. Our holding should not be misconstrued as authorizing a sentencing court to exceed the maximum sentence allowed by R.C. 2929.11.

**{¶ 14}** In *Arnold,* the appellant's total sentence did not exceed the maximum term found in R.C. 2929.11. In the case at bar, appellee's combined sentence of two and one-half years exceeded the statutory maximum term by six months on each count.

**{¶ 15}** We hold that a sentence of actual incarceration mandated by former R.C. 2925.03 may run consecutively to or concurrently with a definite term of incarceration pursuant to former R.C. 2929.11. However, the combined sentences may not exceed the maximum term of incarceration provided by former R.C. 2929.11.

**{¶ 16}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____