Defendant-appellant, Brian T. Clark, appeals a decision of the Clermont County Court of Common Pleas adjudicating him a sexual predator. We affirm.
On May 15, 1996, appellant pled guilty to two counts of corruption of a minor and one count of disseminating matter harmful to juveniles. The charges arose from appellant's sexual contact with a sixteen-year-old boy. On July 7, 1996, the trial court sentenced appellant to two-year terms on each of the corruption charges and eighteen months on the dissemination charge. The trial court ordered that the sentences be served consecutively. On October 4, 1996, the trial court suspended the balance of the sentence on one corruption charge pursuant to a shock probation motion.
On September 4, 1998, appellant filed a motion to modify his sentence as to an in-patient probation requirement. A hearing was held on this motion on September 23, 1998. On September 24, 1998, the trial court notified appellant and the prosecutor that a sexual predator classification hearing would be held on October 7, 1998.[1]
The sexual predator classification hearing was held on October 7, 1998. The hearing was consolidated with appellant's motion to modify his probation. Appellant was present and was represented by counsel. On October 13, 1998, the trial court filed an "entry granting [appellant's] motion to mitigate." The court modified the terms of appellant's probation and separately found that appellant was a sexual predator. Appellant filed a motion for "correction of classification" on October 29, 1998. Appellant argued that the trial court's classification should be conformed to that of the Department of Rehabilitation and Correction, which had designated appellant a "sexually-oriented offender."
The trial court denied appellant's motion on November 13, 1998. The trial court stated that "this court has jurisdiction to rule on Defendant prior to his release on judicial release,even without a recommendation from the Department ofCorrections."[2] The trial court also provided its reasons for classifying appellant as a sexual predator.
Appellant has raised two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT'S CLASSIFICATION OF THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR WITHOUT FIRST RECEIVING A RECOMMENDATION FROM THE DEPARTMENT OF REHABILITATION AND CORRECTION (OTHER THAN ITS CLASSIFICATION AS A SEXUALLY ORIENTED OFFENDER) IS CONTRARY TO LAW, O.R.C. SECTION 2950.09, ESPECIALLY SUBSECTION (C) APPLICABLE TO DEFENDANTS IN CUSTODY ON THE EFFECTIVE DATE OF THE STATUTE.
Assignment of Error No. 2:
 THE DETERMINATION OF DEFENDANT-APPELLANT AS A SEXUAL PREDATOR WAS NOT ESTABLISHED BY THE REQUIRED BURDEN OF PROOF CLEAR AND CONVINCING EVIDENCE.
In his first assignment of error, appellant argues that a trial court does not have the authority to adjudicate an offender as a sexual predator where the Department of Rehabilitation and Correction ("the department") has not first recommended such an adjudication. This is an issue of first impression in this court and does not appear to have been raised in any previous case. In order to decide this issue we have examined the entire legislative scheme for sexual predator classifications outlined in R.C. 2950. Following this review, we hold that the trial court correctly determined that it had jurisdiction to adjudicate appellant as a sexual predator without the department's recommendation.
Our analysis begins with the legislature's definitions of the most relevant terms. R.C. 2950.01(G) states that:
 An offender is "adjudicated as being a sexual predator" if any of the following applies:
* * *
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Appellant satisfies all three of the relevant conditions of R.C. 2950.01(G)(3), i.e., he was convicted and sentenced for a sexually-oriented offense prior to January 1, 1997; he was imprisoned in a state correctional institution on or after that date; and, prior to his release, the court determined that he was a sexual predator.
However, R.C. 2950.09(C)(1), which applies to appellant pursuant to R.C. 2950.01(G)(3), provides that:
 If a person was convicted of or pleaded guilty to a sexually-oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. (Emphasis added.)
By these terms the department is instructed to "determine whether to recommend" that an offender be adjudicated as being a sexual predator. Significantly, however, the statute does not further provide that the court may conduct a sexual predator classification hearing only if the department makes such a recommendation. The department's recommendation is completely nonbinding on the trial court, as R.C. 2950.09(C)(2)(a) indicates:
 If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually-oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. (Emphasis added.)
In State v. Brewer (Jan. 12, 1998), Clermont App. No. 97-03-030, unreported, at 3, this court noted that "nowhere in R.C. Chapter 2950 is it expressly stated that the sexual predator classification hearing must take place prior to the inmate's release from prison or not at all." In Brewer, however, a review of the entire legislative scheme revealed that the provision that the determination occur "prior to release" was mandatory. This review included the observation that "offenders who * * * were serving a prison term at the time the statute went into effect, are defined to be 'adjudicated as being a sexual predator' if the trial court makes its determination 'prior to the offender's release fromimprisonment.' R.C. 2950.01(G)(3)." Id. (emphasis in original). In contrast to this explicit defining language concerning the "prior to release" issue, R.C. 2950.01(G)(3) does not mention the department's recommendation at all.
The Eighth District Court of Appeals also relied upon R.C.2950.01(G)(3) in deciding that a determination "prior to release" was a jurisdictional prerequisite to adjudication as a sexual predator for offenders like appellant. State v. Owen
(Feb. 25, 1999), Cuyahoga App. No. 72783, unreported. The court noted that R.C. 2950.01(G), not R.C. 2950.09(C), was the central provision for jurisdiction.
 It is clear that R.C. 2950.09(C)(1) or (C)(2) do not address the trial court's jurisdiction * * *, but merely acts as the mechanism by which the trial court receives a sexual predator adjudication case. In matters of jurisdiction, the General Assembly intended that R.C. 2950.-01(G) control. (Emphasis added.)
Because R.C. 2950.01(G)(3) controls the jurisdiction of the trial court to adjudicate an offender as a sexual predator and does not address the department's recommendation, the trial court correctly held that it had jurisdiction over appellant for the purpose of making a sexual predator determination.
Accepted canons of statutory construction also support our analysis. If possible, a statute must be construed such that some operative effect is given to every word used. State v.Arnold (1991), 61 Ohio St.3d 175. It is undisputed that the department is instructed in R.C. 2950.09(C)(1) to make a recommendation concerning offenders such as appellant. Our decision that the department's recommendation is not an absolute jurisdictional prerequisite to the trial court's authority to adjudicate a sexual predator does not deny operative effect to those words. In the overwhelming majority of cases, the department's recommendation will be the precipitating event or mechanism to initiate a sexual predator classification hearing for offenders who were sentenced prior to January 1, 1997. However, we hold that as to the trial court's authority to adjudicate, the department's prior recommendation is directory rather than mandatory.
As the Ohio Supreme Court explained in State ex rel. Jones v.Farrar (1946), 146 Ohio St. 467, 472-73,
 Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its effect and the consequences which would result from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act.
* * *
 If the provision involved relates to some immaterial matter or directs certain actions with view to the proper, orderly and prompt conduct of public business the provision may be regarded as directory; but, where it directs acts or proceedings to be done in a certain way and indicates that a compliance with such provision is essential to the validity of the act or proceeding or where it requires some antecedent and prerequisite condition to the exercise of a power, the statute may be regarded as mandatory.
The general object of the sexual predator statute is to adjudicate those who fall within its categories. For the category of offenders who were sentenced before the effective date of the statute and who are imprisoned after that date, the department's recommendation, while not necessarily immaterial, is an action which was apparently directed for the "orderly and prompt conduct of public business."
The legislature did not indicate that the department's recommendation was "essential to the validity of the * * * proceeding," indeed, there is no clear indication of the legislature's intent in instructing the department to make this recommendation. Because the information concerning this category of offenders is within the control of the department, they were the logical agency to conduct initial screening. However, this initial screening is merely a mechanism for forwarding the offender to the trial court; it is not binding. In making its determination as to whether to recommend such an adjudication, the department is instructed to consider "all relevant factors, including, but not limited to, [all of the factors applicable to those sentenced after January 1, 1997]. These factors are:
(a) the offender's age;
 (b) The offender's prior criminal record regarding all offenses, including but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense * * *;
 (d) whether the sexually oriented offense involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) [previous convictions];
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct * * *;
 (i) Whether the offender * * * displayed cruelty * * *;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The department is not instructed to consider any additional factors based on the offender's behavior or treatment during imprisonment. Furthermore, the trial court is not only not bound by the department's recommendation; it is not even instructed to give it any weight at all. Under these circumstances it is apparent that the department's recommendation is a triggering mechanism only. The department is instructed to send its recommendation to the trial court. The department is not instructed to disclose its recommendation to the offender. Thus, the department's recommendation does not provide procedural protection to the offender. If the department's recommendation had been designated as an essential part of the due process protections provided to the offender, our analysis would likely change.
The offender is instead given the requisite procedural protections by the trial court. First, the offender is given notice of the hearing. R.C. 2950.09(C)(2)(b). Indeed, one court has held that this notice must be effective or a sexual predator classification is not valid. State v. Hanrahan (Mar. 5, 1998), Franklin App. No. 97APA03-394, unreported. At the hearing, the offender is entitled to appointed counsel and may call and cross-examine witnesses. R.C. 2950.09(B)(1). The offender is therefore provided with the requisite procedural protections through notice and hearing. The department's recommendation provides no additional protection.
Finally, although this precise issue has not been previously litigated, courts have noted the departments' limited role in other contexts. The sexual predator law has been challenged on equal protection grounds because, for those convicted before the effective date, only offenders who were still imprisoned after January 1, 1997, are subject to its requirements. The Eighth District Court of Appeals found no equal protection violation in this distinction:
 The General Assembly, having invoked the general welfare of the citizenry and faced with a potential multitude of sexual offenders currently imprisoned or released from imprisonment, could rationally conclude that separating current inmates from released offenders would facilitate the logistical task of identifying and forwarding to the court offenders who might qualify as sexual predators. The General Assembly decision to delegate the screening authority to the department and correction and rehabilitation suggests that the department may have been the most convenient agency to conduct the screening process since it had ready access to the criminal records of those offenders housed within the state prison system.
State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
(Emphasis added.)
We find that the department's recommendation is merely a convenient triggering mechanism or "vehicle by which the court receives its cases." State v. Owen (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported. As such, the department's recommendation is directory rather than mandatory, and is not a jurisdictional prerequisite. Therefore, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that there was not clear and convincing evidence to support his adjudication as a sexual predator. R.C. 2950.09(C)(2) provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Thus, we have reviewed the record to determine whether there is clear and convincing evidence to support the trial court's determination. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v. Danby (1983), 11 Ohio App.3d 38,41, citing Cross. A reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given the evidence. State v. DeHass (1976), 10 Ohio St.2d 230.
Appellant had initially met his victim through the "Big Brother" program. Although appellant's participation in Big Brothers had ended at the time of the offense, there was evidence in the record that appellant had solicited the victim and his friends to "compare penises" when the victim was younger. Evidence from the presentence investigation indicated that appellant minimized the impact of his actions on his victim, stating that he was just trying to "educate" the victim. A psychiatric report prior to sentencing noted extreme defensiveness and stated that the extent of appellant's history of pedophilic behavior was unclear. Appellant's prognosis was "very poor." An institutional psychological report also noted that appellant's responses to questions concerning sex with children were ambivalent. The report further noted that appellant minimized his offense and appeared to have confusion about sexual orientation and age preference that contributed to his offense.
The trial court is explicitly instructed to consider "behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2)(j). We are satisfied that the record contains clear and convincing evidence to support the trial court's determination, and that the trial court properly considered the factors contained in R.C. 2950.09(B)(2) in making its determination. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] On October 1, 1998, the prosecutor filed a motion for a sexual predator classification hearing although such a hearing had already been set by the trial court.
[2] Because of the clarity of this statement, we deny the state's motion to supplement the record with material which may or may not have been provided to the court prior to a November 10, 1997 entry. This entry states that "this matter is before the court on the receipt of the Ohio Department of Corrections' Sexual Predator Screening Form sent pursuant to R.C. Section2950.09(C), regarding the status of the above-named offender." The court found that the matter was "not ripe for scheduling a sexual predator hearing * * *, it being earlier than six months prior to this offender's release date." The court then ordered the Department of Corrections to forward its sexual predator finding to the court six months prior to appellant's scheduled release date.
No further recommendation was sent to the trial court. Appellant introduced into evidence a form he had received from the Department of Corrections designating him a "sexually-oriented offender." This designation arose as a matter of law due to appellant's conviction for a sexually-oriented offense. The record is silent as to whether the department determined not to recommend that appellant be adjudicated a sexual predator or inadvertently neglected to make such a determination. For our analysis, the distinction is immaterial as the trial court clearly proceeded "without a recommendation."