OPINION
Appellant Larry Knepp appeals his conviction and sentence for menacing (R.C. 2903.22) in the Alliance Municipal Court, Stark County. The relevant facts leading to this appeal are as follows.
On the evening of December 19, 2000, appellant was driving a 1985 Chevrolet pickup truck, towing a log splitter machine, on city streets in Alliance, Ohio. The road conditions on that date were icy. At the same time, Peter Donahue was driving his minivan with his wife, Donna, as passenger, planning to stop by Donahue's place of employment. At the intersection of Haines and Cambridge, the two vehicles nearly collided. According to Donahue's version of events, appellant's truck followed the minivan to a nearby gas station. As Donahue attempted to fill his gas tank, appellant purportedly blocked the minivan, and Donahue feared he was facing a case of "road rage." Donahue asked appellant if he knew him, to which appellant allegedly replied in a rough voice, "No, but you're about to." Donahue then went into the cashier area and telephoned police.
Appellant was charged with menacing by stalking (R.C. 2903.211), a misdemeanor of the first degree. A jury trial commenced on March 29, 2001. Appellant's trial counsel requested that no instruction be given to the jury as to the lesser offense of menacing, which the court denied. The jury found appellant not guilty of the crime of menacing by stalking, but nonetheless returned a verdict of guilty on the lesser charge of menacing, a misdemeanor of the fourth degree. The trial court sentenced appellant to thirty days in the Stark County Jail and assessed a fine. The court then suspended twenty-seven jail days and a portion of the fine. Appellant timely appealed and herein raises the following sole Assignment of Error:
 I. BECAUSE ONE CAN CAUSE MENTAL DISTRESS TO ANOTHER WITHOUT CAUSING THE OTHER TO BELIEVE THAT THE OFFENDER WILL CAUSE PHYSICAL HARM TO THE OTHER PERSON, MENACING AS CHARGED UNDER R.C. 2903.22 IS NOT ALWAYS AND NECESSARILY INCLUDED IN THE OFFENSE OF MENACING BY STALKING AS CHARGED UNDER 2903.211(A).
 I
In his sole Assignment of Error, appellant argues that the crime of menacing is not a lesser included offense of the greater offense of menacing by stalking, and therefore the trial court erred in instructing the jury in regard to this issue. We agree.
An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty; 2) the greater offense, as statutorily defined, can never be committed without committing the lesser offense as well; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus. In determining whether the greater offense could ever be committed without committing the lesser as well, we are to examine the elements of the crimes in the abstract, and not undertake an analysis of the facts of a particular case until after the Deem test is met and we indeed find that the offense at issue is a lesser included offense. State v. Koss (1990),49 Ohio St.3d 213, 218; State v. Nelson (January 12, 2000), Tuscarawas App. No. 1999AP020007, unreported. In considering whether offenses are allied offenses of similar import, a concept closely related to lesser included offenses, the Ohio Supreme Court has also stated that rather than analyzing the offenses in light of the specific facts of the case, the elements of the offenses are to be likewise compared in the abstract. State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.
R.C. 2903.22(A), menacing, reads as follows: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." In contrast, the more serious R.C. 2903.211, menacing by stalking, reads: "(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
It viewing these statutes in light of Deem, in particular prong number two of the test recited therein, it is no great stretch of the imagination to conceive of a defendant causing mental distress to another person without actually causing that person "to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Appellant presents a compelling example: A perpetrator might repeatedly threaten to reveal embarrassing information or compromising photographs of another as part of a pattern of conduct. As another example, in State v. Tichon (1995), 102 Ohio App.3d 758, the Ninth District Court of Appeals held there was sufficient evidence for a jury to find beyond a reasonable doubt that the victims, a married couple, suffered mental distress under R.C. 2903.211 where the defendant screamed a number of profanities at them, blamed them for his unwanted job transfer, followed them to work in the early morning at a close distance without headlights, took an abrupt flash photograph when the wife picked up the husband at his workplace, and again tailgated them home. Id. at 761-763.
We are therefore persuaded that menacing by stalking theoretically can be committed without committing a violation of R.C. 2903.22, as there is no requirement that a person cause another to believe that he will cause physical harm in order to cause mental distress, which is statutorily defined as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." R.C. 2903.211(D)(2).
The state in part responds that the definition of "physical harm" includes any illness, which would encompass "mental distress" as well. Thus, argues the state, the Deem test is met, and menacing is a lesser included offense with menacing by stalking. However, we must conclude that had the General Assembly intended to eliminate the patent bifurcation of the terms "physical harm" and "mental distress" in R.C.2903.211, we would find such guidance in the text, as we must ordinarily presume the Legislature means what it says. See State v. Virasayachack
(2000), 138 Ohio App.3d 570, 574. Moreover, the state's reading of R.C.2903.211 renders superfluous the entire phrase within pertaining to mental distress, in contravention of the well-established principle of statutory construction that a statute is to be read, to the extent practicable, to give effect to all its parts. See State v. Arnold
(1991), 61 Ohio St.3d 175, 178.
We therefore hold that the crime of menacing is not a lesser included offense of the greater offense of menacing by stalking under Ohio law, and the trial court failed to properly instruct the jury thereon.
Appellant's sole Assignment of Error is sustained.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.
Hon. Julie A. Edwards, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.