DECISION AND JUDGMENT ENTRY
In this appeal from his convictions on four counts of rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree, appellant, Robert Kuhn, asserts that the trial court erred in classifying him as a sexual predator and that the trial court also committed sentencing errors.
In February 2001, the Lucas County Grand Jury indicted appellant on six counts of rape, in violation of R.C. 2907.02(A)(1)(b). The alleged rapes occurred between October 1, 2000 and January 2, 2001 and involved acts of oral sex. The victim was appellant's four year old daughter. Appellant initially entered a not guilty plea to each count. Subsequently, however, and pursuant to a plea agreement, appellant withdrew his pleas of not guilty and entered no contest pleas to four counts of rape. The prosecution dismissed the other two counts.
After ascertaining that appellant understood the consequences of his plea and that the plea was voluntary, the trial court found appellant guilty of all four of the charged offenses. The court also informed appellant that, due to the fact that the victim was under the age of thirteen, the sentence imposed for each conviction of rape was subject to mandatory incarceration, that is, appellant would have to serve every day of the sentences imposed. See R.C. 2929.13(F)(2).
At the sentencing hearing the trial judge found, by clear and convincing evidence, that appellant is a sexual predator. This finding rested upon facts offered in the report of Barbara McIntyre, Ph.D., a clinical forensic psychologist, who evaluated appellant.
The court then imposed a term of imprisonment of six years for each conviction and ordered the sentences to be served consecutively. The judge found, both verbally at the hearing and in his judgment entry, that consecutive sentences were necessary to fulfill the purposes of R.C.2929.11 and were not disproportionate to the seriousness of the offender's conduct or the danger he poses. The judge further found that the harm caused in this case was great or unusual and that appellant's criminal history required consecutive sentences.
On appeal, appellant asks this court to consider the following assignments of error:
 "I. APPELLANT'S SENTENCE WAS NOT CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES.
 "III. THE APPELLANT SHOULD NOT HAVE BEEN DETERMINED TO BE A SEXUAL PREDATOR."
In Assignment of Error No. I appellant raises two purported sentencing errors made by the trial court. First, he contends that his sentence is not consistent with sentences imposed for similar crimes by similar offenders. Second, he claims that because he has never served a prison term, the trial court was required to impose the shortest prison term authorized for the offense. Because we conclude that appellant's second argument has merit, we will not address his first argument.
R.C. 2929.14(B), as effective May 17, 2000, reads:
 "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
R.C. 2907.02(B) provides:
 "Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A)(1)(a) of this section substantially impairs the other person's judgment or control by administering any controlled substance described in section 3719.41 of the Revised Code to the other person surreptitiously or by force, threat of force, or deception, the prison term imposed upon the offender shall be one of the prison terms prescribed for a felony of the first degree in section 2929.14 of the Revised Code that is not less than five years. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."
R.C. 2929.14(A) allows the imposition of a prison term of three, four, five, six, seven, eight, nine or ten years for a felony of the first degree.
Statutes pertaining to the same general subject matter should be readin pari materia. Hughes v. Ohio Bur. of Motor Vehicles (1997),79 Ohio St.3d 305, 308. In interpreting related and co-existing statutes, a court is required to harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict. State v. Patterson (1998), 81 Ohio St.3d 524, 526.
R.C. 2929.14(A), R.C. 2929.14(B) and R.C. 2907.02(B) all pertain to felony sentencing, specifically sentencing on a rape conviction. Reading these statutes in pari materia, we conclude that a court must comply with the requisites of R.C. 2929.14(B) in imposing a mandatory prison term of more than three years for the rape conviction of an offender who has never previously been imprisoned unless the offender (1) substantially impairs the victim through the use of a statutorily defined controlled substance; or (2) compels the victim to submit by force or threat of force.
As applied to the present case, appellant never previously served a prison term. Neither the indictment nor the guilty findings included a force specification or a specification stating that appellant used a controlled substance to substantially impair the victim. The trial judge did not make one of the two findings in R.C. 2929.14(B), either at the sentencing hearing or in his judgment entry, that would permit him to impose a mandatory prison term of more than three years for each of appellant's four convictions. Accordingly, to the extent that appellant's Assignment of Error No. I addresses this issue, it is found well-taken. The remainder of this assignment of error is moot because, on remand, the trial court may or may not impose the same sentence.
In his Assignment of Error No. II, Kuhn claims that the trial court abused its discretion when it sentenced him to consecutive sentences. Appellant maintains that the court failed to state its reasons for the findings required by R.C. 2929.14(E)(4).
Before imposing consecutive sentences, R.C. 2929.14(E)(4) requires the court to expressly find: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that the sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) either (a) that the offenses were committed while the offender was awaiting trial or sentencing, or was otherwise under sanctions imposed, for a prior offense; or (b) that the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (c) that the offender's criminal history shows a need to protect the public from future acts by the offender. The judge also is required to give reasons for these findings. R.C.2929.19(B)(2)(c). Apparently, both appellant and the prosecution believe that the court must say "These are my reasons for these findings" before those reasons can be considered. We disagree.
In the instant case, the trial judge made the requisite findings. He also stated, prior to imposing the consecutive sentences, his reasons for these findings. These included: (1) appellant engaged in sexual conduct with his four year old daughter; (2) he placed his daughter's photograph on the Internet; (3) appellant was previously convicted of public indecency for exposing himself to two ten year old girls, and he was convicted of importuning for offering to perform sex acts on another ten year old girl; (4) the report of the Court Diagnostic Treatment Center; and (5) the impact that appellant's crime would have on the victim for the rest of her life. We therefore conclude that the statement of reasons made by the trial judge satisfied R.C.2929.19(B)(2)(c). Accordingly, appellant's Assignment of Error No. II is found not well-taken.
Appellant's Assignment of Error No. III contends that appellee, the state of Ohio, did not prove that he was a sexual predator by clear and convincing evidence.
A "sexual predator" is someone who has been convicted of or pleaded guilty to a sexually oriented offense "and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A "sexually oriented offense" includes rape. R.C. 2950.01(D)(1). Consequently, the trial court was required to determine appellant's classification pursuant to R.C. 2950.09(B)(1). Pursuant to this statute, a trial court may designate the offender as a predator, but it may do so only after holding a hearing where the prosecutor and offender have the opportunity to testify and to call and cross-examine witnesses. R.C. 2950.09(B)(1).
R.C. 2950.09(B)(2) sets forth the following non-exhaustive list of factors that, if relevant, the trial court must consider in determining whether someone is a sexual predator:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
The standard for determining whether an offender is a sexual predator is by clear and convincing evidence. R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 423-424. "Clear and convincing" evidence is that degree of proof which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In the case before us, both appellant and his attorney and the prosecution were present at the hearing. Neither appellant nor appellee chose to present any witnesses. Instead, the psychological evaluation of appellant, which was conducted specifically for the purpose of determining whether Kuhn should be classified as a sexual predator, was entered into evidence. Based upon that evaluation, the court determined that Robert Kuhn is a sexual predator. A review of the evaluation offers evidence on several relevant factors.
Appellant is a thirty-seven year old male who has used marijuana steadily for several years. He also experimented with other drugs, including hallucinogens, cocaine and crack cocaine. Appellant has no relationship with his own family; his daughter's mother left him and their child two years ago. Appellant claimed that he did not recall being convicted of indecent exposure, and maintained that he must have been "high" when, in 1988, he asked a ten year old girl if he could "lick her between the legs."After the 1988 incident, Kuhn was evaluated at the Court Diagnostic Treatment Center. The resulting "report noted a preoccupation with young girls which looked like a pattern of developing pedophilia." This report recommended restricted access to young girls.
Appellant admitted to engaging in oral sex with his four year old daughter on six occasions. He claimed, however, that he was sleeping and woke up to find her "vagina in his mouth" while she performed fellatio on him. His attitude was that the incidents were solely his daughter's fault. As to posting his daughter's photograph on his website; he acknowledged that it was an "adult site," but he asserted that he was "practicing" downloading photographs. The psychologist concluded that "Mr. Kuhn is a seriously troubled and dangerous man desperately in need of long-term treatment for sexual offenders" and that he presented "a high risk of recidivism."
Based upon a review of the evaluation, we find that clear and convincing evidence was offered to show that appellant's age, his prior criminal record, which included convictions for sexual offenses, the tender age of his victim, and the fact that sexual conduct was part of a demonstrated pattern of abuse established that he should be designated a sexual predator. In addition, clear and convincing evidence with regard to other relevant factors included the fact that the victim was appellant's biological daughter, his admitted use of drugs and, most importantly, his inability to take responsibility for his actions. For these reasons, we find that the trial court's determination that appellant be designated a sexual predator is supported by clear and convincing evidence. Therefore, Appellant's Assignment Of Error No. III is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This cause is remanded to that court for further proceedings, as to sentencing only, consistent with this judgment. Appellant and appellee are ordered to pay the costs of this appeal in equal shares.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., CONCUR.
Richard W. Knepper, J., CONCURS AND WRITES SEPARATELY.