JOURNAL ENTRY AND OPINION
Defendant-appellant Alvis Cook, Jr. appeals from his three-year sentence of imprisonment on his guilty plea conviction for possession of drugs. He argues the trial court did not make sufficient findings to overcome the statutory minimum one-year term of imprisonment. Because the only relevant finding made by the court to justify the sentence was that defendant had "previously served a prison term," when he had not in fact served a prison term, we reverse and remand for resentencing.
Defendant has a history of offenses, including guilty plea convictions for drug offenses. On April 6, 1999, he was sentenced in a prior case, No. CR-370765, to community control sanctions ("CCS") for a fourth degree felony violation of R.C. 2925.07. He later faced charges in three cases for conduct that occurred prior to April 6, 1999. Specifically, defendant was indicted in Case No. CR-376489 for a fifth degree felony possession of drugs. In the case at bar, No. CR-379458, defendant waived his right to indictment and was charged by information for (1) possession of PCP, a Schedule II drug, in an amount of one to five times the bulk amount, in violation of R.C. 2925.11, and (2) possession of an automobile as a criminal tool in violation of R.C. 2923.24. Neither charge in Case No. CR-379458 contained specifications of any kind.
On August 9, 1999, defendant appeared with appointed counsel to enter a plea bargain. At the plea hearing, defendant agreed to plead guilty to the possession of drugs charge in the case at bar, No. CR-379458, and possession of drugs in Case No. CR-376489. In return, the prosecution agreed to nolle the possession of criminal tools charge in Case No. CR-379458 and a forthcoming charge in another case. The prosecution had known about these charges before defendant was placed on CCS; none of the conduct in these three cases occurred after he was placed on CCS; and none of the charges was a violation of the terms of his CCS.
This appeal involves only one charge. During the course of the plea, the trial court explained the range of one to five years' imprisonment for the drug possession conviction in Case No. CR-379458 at bar. Defendant made a knowing, voluntary, and intelligent plea of guilty, and the trial court found him guilty of the offense. The trial court denied defendant's request for release pending sentencing, referred the matter for a presentence report, and scheduled sentencing for a later date.
On September 9, 1999, defendant appeared with counsel and several family members for sentencing. The court engaged in an extended dialogue with them and referred to a presentence investigationreport during the course of the hearing. The report erroneously included an "X" in the "YES" column in response to the following question: "Offender previously served a prison term?" (Id. at p. 8.)
At the conclusion of the hearing the trial court stated as follows:
 The Court makes the following findings with reference to sentencing: For recidivism factors, the Court considers there's been a prior adjudication of delinquency, or a history of criminal convictions, that the defendant has a prior record and that the defendant has failed to respond favorably in the past to sanctions imposed for criminal convictions; that the defendant demonstrates a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment and shows no remorse for the offense. The Court further finds that the offender previously served a prison term and that the offender is not amenable to an available community control sanction.
 Therefore, the sentence of the Court on case number 379458 is $250 and costs, three years at the Lorain Correctional Institution.
(Tr. 61-62. Emphasis added.)
The trial court's journal entry imposing sentence states as follows:
 THE COURT CONSIDERED ALL OF THE REQUIRED FACTORS OF THE LAW.
 THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11.
 THE COURT IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF 3 YEARS. THE SENTENCE INCLUDES ANY EXTENSIONS PROVIDED BY LAW.
Defendant thereafter filed a Motion to Reconsider and/or Correct Sentence. This motion argued that the trial court did not make the findings required by R.C. 2929.14(B) to impose more than the statutory minimum sentence of one-year imprisonment. The trial court denied defendant's motion.
Defendant timely appeals raising the following sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING OTHER THAN THE MINIMUM PRISON TERM UPON DEFENDANT-APPELLANT WHERE APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM, WHERE THE COURT DID NOT MAKE THE REQUIRED FINDINGS ON THE RECORD IN ORDER TO IMPOSE A PRISON TERM LONGER THAN THE MINIMUM, AND WHERE NO SPECIFIC, EXPRESS PROVISION OF THE PORTION OF REVISED CODE CHAPTER 2925 OF WHICH APPELLANT STANDS CONVICTED FORECLOSES HIS ENTITLEMENT TO A MINIMUM SENTENCE PURSUANT TO REVISED CODE SECTION 2929.14(B).
This assignment is well taken.
Defendant argues that the drug possession offense to which he pleaded guilty in the case at bar, No. CR-379458, was a felony of the third degree subject to the statutory range of one to five years' imprisonment. He argues that, although there is a presumption in favor of imprisonment for such an offense, there is no specified term within this range. Accordingly, he argues that R.C. 2929.14(B) governs the selection of terms within the statutory range and provides that he should receive the shortest prison term because the trial court did not make the findings necessary to deviate from the minimum. Under the circumstances, we are compelled to agree.
Sentencing for felony drug charges is governed by R.C. Chapters 2925 and 2929. R.C. Chapter 2925 governs a wide variety of drug offenses and prohibits activity ranging from manufacturing, to trafficking, possession, and drug abuse. The degree of the offense and extent of punishment for a particular offense depends on the activity, type, and quantity of the controlled substance involved.
R.C. 2925.11 defines the crime of possession of drugs. R.C. 2925.11(A) provides the basic elements of the offense: No person shall knowingly obtain, possess, or use a controlled substance. In the case at bar, defendant pleaded guilty to possession of one to five times the bulk amount of PCP, a schedule II drug. R.C. 2925.11(C)(1)(b) specifically governs this offense and provides as follows:
 (C) Whoever violates division (A) of this section is guilty of one of the following:
 (1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in Schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:
* * *
 (b) If the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated possession of drugs is a felony of the third degree, and there is a presumption for a prison term for the offense.
R.C. 2925.11 contains no further provisions regarding prison terms or other punishment for this offense, except for any fines and license suspensions under subsection (E).[1]
R.C. Chapter 2929 governs criminal penalties and sentencing. R.C. 2929.11
through 2929.20, originally enacted in 1996 as Am.Sub.S.B. 2 ("Senate Bill 2"), establish penalties for felony offenses. R.C. 2929.14 governs incarceration and provides basic felony prison terms.[2] R.C. 2929.14(A) establishes the range of incarceration for each degree of felony. R.C.2929.14(A)(3), as applicable in the case at bar, provides:
 (A) * * * the court shall impose a definite prison term that shall be one of the following:
* * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
R.C. 2929.14(B) and (C), in turn, govern imposition of the minimum and maximum sentences within the statutory range for each degree of felony. R.C. 2929.14(B), the statute at issue in the case at bar, establishes a general statutory preference for imposing the shortest term for the first imprisonment and provides in its entirety as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for that offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
Defendant committed a third-degree felony and the trial court properly informed him that he faced a potential sentence from one to five years' imprisonment. When deciding to impose more than the minimum one-year term, however, the trial court simply asserted that "the offender previously served a prison term," but made no other findings on the record to justify imposing its three-year sentence.
The record in the case at bar reveals, contrary to the trial court's finding, that defendant did not previously serve a "prison" term. The presentence report improperly checked this column. Although defendant had served time in "jail," and been subject to "community control sanctions" and other penalties, none of these punishments constituted "prison."
R.C. 2929.01(CC) defines the term prison and provides:
 "Prison" means a residential facility used for the confinement of convicted felony offenders that is under the control of the department of rehabilitation and correction but does not include a violation sanction center under authority of section 2967.141 of the Revised Code.
"Community control sanctions" are specifically defined not to include "prison" terms[3] and the term "jail" is reserved for local facilities not operated by the state.[4]
Other courts have reversed sentences imposed under these circumstances when the offender had not previously served a "prison" term as in the case at bar. See e.g., State v. Edmonson (1999), 86 Ohio St.3d 324, 327, n. 1 (reversing a maximum sentence); State v. Garcia (1998),126 Ohio App.3d 485, 487 (same) and State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034, unreported at p. 7 (reversing a sentence exceeding the minimum). One court has gone even further and recognized that an offender who possessed heroin while actually serving his first prison term had not "previously served a prison term" for purposes of imposing a consecutive sentence on the drug possession charge. State v. Brooks
(Dec. 1, 1999), Marion App. No. 9-99-40, unreported at p. 10. These cases all reversed the sentence imposed in accordance with our statutory obligation under R.C. 2901.04(A) to construe sentencing provisions strictly against the state and liberally in favor of the accused. Id. at p. 9.
As in Edmonson, Garcia, and Carr, because this is defendant's first "prison" term, the trial court's findings do not support its sentence. Specifically, the trial court did not "find on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Therefore the trial court did not comply with R.C. 2929.14(B), which requires the court to justify imposing more than the statutory minimum one-year sentence. Edmonson at p. 326; Garcia at p. 487; Carr at p. 7.
Seeking to overcome the erroneous finding that defendant had already served a "prison" term and also the lack of other statutory findings, the prosecution argues that the trial court was not required to make any findings. R.C. 2929.14(B) governs the making of such findings and provides as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for that offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
The prosecution argues that the introductory clause "Except as provided in * * * in Chapter 2925. of the Revised Code" categorically exempts trial courts in all drug cases from making the findings required by R.C.2929.14(B), rather than on a case-by-case basis only when Chapter 2925 requires a particular term of imprisonment for a drug offense.
The prosecution cites to a strain of cases which began with a one-page unpublished accelerated per curiam opinion in State v. Lewis (Jan. 21, 1999), Cuyahoga App. No. 74924, unreported. Lewis has now been cited in three cases for the proposition that trial courts in drug cases categorically do not need to comply with the finding requirements, for minimum or maximum sentences, set forth in R.C. 2929.14.[5]
This court, however, has held both before and after Lewis that trial courts imposing sentences in drug cases must make findings under R.C.2929.14. Cases before Lewis include: E.g., State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Morris (Oct. 29, 1998), 73514, unreported; State v. Davis (Dec. 3, 1998), Cuyahoga App. No. 73680, 73681 and 73682, unreported. Cases after Lewis include: E.g.,State v. Moore (June 24, 1999), Cuyahoga App. No. 74322, unreported; andState v. Kincaid (Dec. 2, 1999), Cuyahoga App. No. 75435, unreported. No other courts have followed Lewis; research reveals they uniformly require findings in drug cases.
R.C. 2929.14 is the sentencing provision applicable to felonies generally. The phrase "except as provided in Chapter 2925. of the Revised Code" refers to sentencing and exempts drug cases from the general sentencing requirements when Chapter 2925 of the Revised Code providesfor a particular sentence. If the General Assembly had intended to categorically exempt all drug cases from the requirements for imposition of felony sentences, the following options would articulate this intent: "except for violations of R.C. Chapter 2925" or "except for cases arising under R.C. Chapter 2925." These contrasting alternatives help to understand the difference between a blanket exemption for all drug cases and a conditional one, that is, an exemption limited to cases with specific mandatory drug sentences. That the latter phrasing is commonly found in the Code but not here is further evidence that a conditional exemption is intended here.
There is no simple rule for sentencing in all drug cases. Each case must be reviewed on a case-by-case basis. This was also required under sentencing law before Senate Bill 2. See e.g., State v. Patterson
(1998), 81 Ohio St.3d 524 (coordinating the term of actual incarceration required by former R.C. 2925.03 with the definite term of imprisonment provided under former R.C. 2929.11 general felony sentencing statute). Courts must look to the particular drug statute involved before they consider the general felony sentencing statutes.
Trial courts are required to impose a sentence exceeding the minimum
term of imprisonment for a particular degree of felony under R.C.2929.14(A) when such a sentence is mandated by the governing R.C. Chapter 2925 drug statute. When imposing such a sentence required by R.C. Chapter 2925, moreover, the court need not make findings to exceed the statutory minimum penalty that would otherwise apply to that general degree of offense.
Most cases to date have involved the other end of the spectrum. Trial courts must impose a sentence equal to or exceeding the maximum
imprisonment that would otherwise apply for a degree of felony under R.C. 2929.14(A) if the R.C. Chapter 2925 drug statute governing the offense mandates.[6] Here, too, when imposing such a sentence required by R.C. Chapter 2925 for the particular offense, the court need not make findings to justify its sentence. In each of these situations when no findings are required, the reason for the elevated sentence inheres in the nature of the specific offense.
Finally, when the drug statute governing the particular offense does not dictate a particular term of imprisonment, however, the standard principles for felonies in general apply. In such cases, trial courts are required to make findings when imposing more than the minimum, R.C.2929.14(B), or the maximum term of imprisonment. R.C. 2929.14(C). The case at bar is such a case. R.C. 2925.11(C)(1)(b) provides that possession of PCP in this case constitutes a felony of the third degree and provides no further instruction concerning incarceration. R.C.2929.14(A)(3) provides for a range of imprisonment from one to five years for such an offense. To exceed the statutory minimum for a first incarceration, the trial court must make the statutory findings required by R.C. 2929.14(B).
The prosecution has not cited a case and research has not revealed any authority which permits this court to ignore the requirements of R.C.2929.14(B) for sentencing on the offense involved in the case at bar. Neither Lewis nor the cases citing it involved drug possession under R.C. 2925.11(C)(1)(b). Most of the cases involved more serious offenses with larger quantities of illegal drugs than the case at bar. In any event, we decline to adopt or make categorical statements when reviewing the sentence imposed in the case at bar. Because the trial court did not make any of the findings required by R.C. 2929.14(B) to impose more than the minimum one-year term of imprisonment, and nothing in R.C. Chapter2925.11 governing this offense requires such a sentence or exempts the court from making such findings, we reverse and remand for resentencing according to law.
Accordingly, defendant's sole assignment of error is sustained.
This cause is reversed and remanded for resentencing.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY; LEO M. SPELLACY, J., DISSENTS (SEE attached Dissenting Opinion).
[1] R.C. 2925.11(E) provides as follows:
 (E) In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender * * *.
Three subsections follow: subsection (1) governs mandatory and other fines, subsection (2) governs drivers' license suspensions, and subsection (3) governs suspension of professional licenses.
[2] The presumption for imprisonment under the R.C. 2929.13 general felony sentencing statute is likewise defined by reference to R.C.2925.11(C)(1)(b) for the particular drug offense quoted above.
[3] 2929.01(F) provides: "`Community control sanction' means a sanction that is not a prison term and that is described in section 2929.15,2929.16, 2929.17, or 2929.18 of the Revised Code."
[4] 2929.91(V) provides: "`Jail' means a jail, workhouse, minimum security jail, or other residential facility used for the confinement of alleged or convicted offenders that is operated by a political subdivision or a combination of political subdivisions of this state."
[5] State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported; and State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported. Chief Justice Moyer, who sat on the sentencing commission, dissented from the denial of review in both cases in which review was sought. State v. Ayala (2000), 88 Ohio St.3d 1480 and Statev. Cruz (2000), 88 Ohio St.3d 1513.
[6] Trial courts may impose more than the maximum statutory term that would otherwise be applicable to a particular offense, for example, when the charge is accompanied by a "major drug offender" specification.