The STATE of Ohio, Appellee,

v.

IMPERATORE, Appellant.

[Cite as *State v. Imperatore* (1994), 98 Ohio App.3d 384.]

Court of Appeals of Ohio,
Medina County.

No. 2280–M.

Decided Nov. 2, 1994.

*Norman E. Brague,* Wadsworth City Law Director, for appellee.

*Nicholas Swyrydenko,* for appellant.

DICKINSON, Judge.

Defendant John Imperatore has appealed from a conviction of criminal trespass in violation of R.C. 2911.21(A)(1). He has argued that (1) the trial court incorrectly denied his motion for acquittal at the close of the state's case and at the close of all the evidence, (2) his conviction was not supported by sufficient evidence, and (3) his conviction was against the manifest weight of the evidence. In essence, all three of defendant's assignments of error are based upon an assertion that he was convicted of violating the wrong subpart of R.C. 2911.21(A). According to defendant, he should have been prosecuted under subpart (2), not subpart (1). This court affirms the judgment of the trial court because defendant was properly convicted of violating subpart (1) of R.C. 2911.21(A).

Defendant's conviction was based upon an incident that occurred at the home of Laurie Parsittie, his ex-wife, on July 30, 1993. Parsittie had custody of the couple's children, and defendant had visitation rights on Sunday afternoons between 12 noon and 6 p.m. As a condition precedent to exercise of his visitation rights on any given Sunday, defendant was required to contact Parsittie by the preceding Friday and inform her of his intention to do so. If he timely informed Parsittie of his intention to exercise his visitation rights on a particular Sunday, he would pick the children up at her home.

Approximately a week prior to July 30, 1993, Parsittie told defendant that he was to stay away from her home at times other than when he was picking up the children for visitation. On July 30, 1993, which was a Friday, defendant went to

Parsittie's home and got into an argument with her boyfriend. As a result, he was charged with one count of menacing and two counts of criminal trespass. One criminal trespass charge was based upon subpart (1) of R.C. 2911.21(A) and the other criminal trespass charge was based upon subpart (4) of the same statute.

Defendant was tried before a jury in the Wadsworth Municipal Court. At the close of the state's case, defendant moved for acquittal pursuant to Crim.R. 29, and the trial court denied his motion. He again moved for acquittal at the close of all the evidence, and the trial court again denied his motion. The jury found defendant guilty of criminal trespass in violation of subpart (1) of R.C. 2911.21(A), but acquitted him of the menacing charge and of the charge of criminal trespass in violation of subpart (4) of R.C. 2911.21(A). Defendant timely appealed to this court.

The sole issue presented by defendant's appeal is whether he could properly be convicted of criminal trespass in violation of subpart (1) of R.C. 2911.21(A) in view of the undisputed facts in this case. According to defendant, his actions fell within subpart (2), subparts (1) and (2) are mutually exclusive, and, therefore, he should have been acquitted of the charge against him.

Pursuant to R.C. 2911.21, it is a misdemeanor of the fourth degree for a person to enter or remain on certain land or premises without a privilege to do so. Section 2911.21(A) begins by providing a general prohibition in the absence of a privilege:

"No person, without privilege to do so, shall do any of the following:"

The subparts of part (A) then describe specific prohibited activity. Subparts (1) and (2) provide two descriptions of land or premises that people are prohibited, without privilege, from entering. Subpart (1) describes all land or premises owned by someone else:

"Knowingly enter or remain on the land or premises of another[.]"

The first eleven words of subpart (2) are identical to the full text of subpart (1). That is, it starts by describing all land or premises owned by someone else, but then its coverage is restricted to certain types of land or premises owned by someone else:

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard[.]"

According to defendant, if land or premises are owned by someone else, and, therefore, within the description of subpart (1), but is also within the description

contained in the part of subpart (2) following the first eleven words, a person who enters that land without privilege to do so can be prosecuted for violating subpart (2) only.

Defendant has correctly pointed out that he was privileged, under certain circumstances, to enter his ex-wife's premises. His privilege, however, was restricted to Sundays and, therefore, by entering on a Friday, he knowingly violated an applicable restriction. According to defendant, he was subject to prosecution for violating subpart (2) and, therefore, not subject to prosecution for violating subpart (1). He argues that "[defendant's] action in coming onto the premises in violation of the restrictions placed on his privilege to be there were properly chargeable only under [subpart (2)]. [Defendant] was thus charged under the wrong section of the statute."

Defendant's argument that his conviction must be reversed is premised upon the proposition that a statute should be interpreted, " 'if practicable, as to give some effect to every part of it.' " *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082, quoting *Turley v. Turley* (1860), 11 Ohio St. 173, 179. According to defendant, if the state is free to prosecute violations within subpart (2) as violations of subpart (1), subpart (2) is a nullity. According to defendant, only actions that violate subpart (1) and do not also violate subpart (2) can be prosecuted under subpart (1).

 The problem with defendant's argument is that its adoption would do to subpart (1) the exact thing that he claims its rejection does to subpart (2): render it a nullity. Subpart (2) not only applies to property the use of which is restricted to certain hours, but it also applies to property "the use of which is lawfully restricted to certain persons, purposes, [or] modes." Accordingly, the only property to which subpart (2) does not apply is property that can be used by anyone, for any purpose, in any mode, at any time. Pursuant to defendant's position, subpart (1) could only be used to prosecute a person who, without privilege, enters property of another which may be used by anyone, for any purpose, in any mode, at any time. Adoption of defendant's argument, therefore, would render subpart (1) a nullity.

 Defendant could have been prosecuted under subpart (1), subpart (2), or both. If he had been prosecuted under both, he could have been convicted of violating only one. See *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 522.

 The trial court correctly denied defendant's motions for acquittal. His conviction was supported by sufficient evidence, and his conviction was not

against the manifest weight of the evidence. Defendant's assignments of error are overruled.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.