DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant James W. Fish has appealed from a decision of the Wayne County Municipal Court that found him guilty of criminal trespass. This Court affirms.
 I.
Fish and his ex-wife Lynn Bridger are the parents of two children. Both children had been living with Mrs. Bridger and her new husband, John Bridger. Pursuant to Loc.R. 14(G)(2)(b) of the Court of Common Pleas of Wayne County, Fish was entitled to visitation rights on Wednesday evenings beginning at 5:30 p.m.[1] Also pursuant to Wayne County Loc.R. 14(G), subsection (2)(k), Fish would forfeit any visitation for which he arrived more than 30 minutes late.
On Wednesday, October 18, 2000, Fish arrived at the Bridgers' home to pick up his children for visitation between five and ten minutes before six o'clock. A couple minutes before the expiration of the thirty-minute window, Fish got out of his car (which he left parked on the street), ascended the porch of the Bridgers' home, and knocked on the door. Mr. Bridger answered the door, and told Fish to get off the porch and leave the property. Fish refused to leave, explaining that he was there to pick up his children for visitation. Meanwhile, seeing Fish on the porch, Mrs. Bridger telephoned the police.
Officer Kocuba of the Orrville Police Department arrived a short time later and defused the situation, and eventually the children left with Fish for the scheduled visitation. Thereafter, Officer Kocuba issued Fish a criminal trespass warning, and at Fish's request, filed a menacing report against Mr. Bridger.
Fish was charged with criminal trespass in violation of R.C.2911.21(A)(1), and his case was tried to a jury in the Wayne County Municipal Court. At the close of the State's case, Fish moved for acquittal pursuant to Crim.R. 29. The trial court overruled the motion, and the jury returned a verdict of guilty. Fish subsequently filed a motion to set aside the verdict and enter a judgment of acquittal pursuant to Crim.R. 29(C), which also was denied. Fish has timely appealed, asserting one assignment of error.
 II. Assignment of Error The trial court erred as a matter of law by failing to direct a verdict of acquittal in favor of the Defendant-Appellant as the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence.
In his sole assignment of error, Fish argues that his conviction is against both the sufficiency and the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, at 14, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Fish was convicted of criminal trespass in violation of R.C.2911.21(A)(1), which provides: "No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]" Fish does not deny that he knowingly entered the land occupied by the Bridgers. His sole contention at the trial court and on appeal is that his right to pick up the children at the Bridgers' residence endowed him with a privilege to go onto the Bridgers' porch.
It is well settled that the State has the burden to prove, beyond a reasonable doubt, all the elements of an offense. State v. Adams (1980),62 Ohio St.2d 151, 153. It follows that the State must prove absence of a privilege as an element of its case. State v. Newell (1994),93 Ohio App.3d 609, 611. This Court must determine, therefore, whether the trial court clearly lost its way and created such a manifest miscarriage of justice as to require reversal and a new trial by finding that Fish did not have a privilege to be on the Bridgers' porch.
"Privilege" is defined at R.C. 2901.01(A)(12):
 "Privilege" means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity.
Fish contends that his visitation order conferred upon him a privilege to enter onto the land of the Bridgers for the purpose of picking up his children. In support of this proposition, Fish cites this Court's decision in State v. Imperatore (1994), 98 Ohio App.3d 384 (acknowledging that the nonresidential parent had a limited privilege, under circumstances prescribed by his visitation order, to enter the premises of his ex-wife for purposes of exercising his visitation rights).
In the instant case, Fish got out of the automobile he had left parked in the street, and entered onto the porch of the Bridgers' home. This was a deviation from Fish's customary procedure for picking up the children, which was to remain parked on the curb and sound the horn until the children came out of the house. Mrs. Bridger testified at trial that the Bridgers had in the past asked Fish not to come onto their property. Once on the porch, Mr. Bridger repeatedly asked Fish to get off the property, and Fish refused to leave the porch.
A visitation order does not confer an absolute privilege on a nonresidential parent to enter and remain on the property of the residential parent during the time specified for visitation. On the facts of this case, the jury could have found that when Mr. Bridger refused to produce the children and requested Fish to leave the property, any privilege the visitation order may have conferred on Fish terminated, making his continued presence on the property a trespass.[2]
Under these circumstances, this Court cannot conclude that the jury lost its way or created a manifest miscarriage of justice such that Fish's conviction must be reversed. Fish's argument that his conviction is against the manifest weight of the evidence is overruled.
Fish also asserts that, because the State failed to prove that Fish did not have a privilege to enter onto the land of the Bridgers, the State failed to establish beyond a reasonable doubt the necessary elements to sustain a conviction for trespass. Such a contention is without merit. This Court has previously noted that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Accordingly, having found that Fish's conviction was not against the weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence.
 III.
Fish's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. CARR, J. CONCUR
[1] The separation agreement of Fish and Mrs. Bridger specifically incorporated Loc.R. 14(G) of the Court of Common Pleas of Wayne County.
[2] If Fish believed the Bridgers were interfering with his visitation rights, he could have filed a motion for contempt in the court that awarded him such rights.